### NATIONAL CITY BANK OF CLEVELAND v. ERSKINE & SONS, Inc.

Ohio Appeals, Seventh District, Mahoning County.

Decided November 13, 1951.

Harrington, Huxley & Smith, Youngstown, for plaintiff-appellant.

David C. Haynes, Warren E. Grant, Youngstown, for defendant-appellee.

## OPINION

By SAVORD, J.

This is an appeal on questions of law from a judgment entered upon a verdict of the jury rendered on behalf of the defendant.

The factual situation as presented by the bill of exceptions in this case will be more easily understood by designating the parties as they stood in the trial court,—The National City Bank of Cleveland being the plaintiff and Erskine & Sons, Inc. the defendant.

The record discloses that for some time prior to the late months of 1948, the defendant was engaged, among other activities, in the excavating business and in strip mining. Late in November or early in December, 1948, a representative of the Gibson-Stewart Company approached Ralph J. Erskine, Jr., head of defendant company, and sought to interest him in the purchase upon behalf of defendant of a heavy dirt moving machine known as a Tournadozer, the same to be employed by defendant in lieu of lighter equipment then being used in its strip mining operation. After somewhat extended negotiations, defendant on December 7, 1948, signed a pur-

chase order authorizing Gibson-Stewart Company to deliver to it a model C Tournadozer, complete with cab and swinging drawbar. It was understood that the cost of said equipment was to be $20,893.83 f. o. b. Cleveland, less an allowance in the amount of $5,000 made by Gibson-Stewart Company to de-·fendant by reason of a model D-4 Caterpillar, which defendant was turning over to Gibson-Stewart Company, making the net price of the new equipment to the defendant $15,893.83.

On December 9, 1948, a representative of Gibson-Stewart Company contacted the Consumer Credit Department of plaintiff, seeking to determine whether plaintiff would purchase a note proposed to be executed by defendant and delivered to Gibson-Stewart Company in payment of the balance of the purchase price of said equipment. After investigation made through one of the references given by defendant to Gibson-Stewart Company, the plaintiff indicated its willingness to purchase such note.

On December 15, 1948, plaintiff executed a cognovit note payable to defendant in the amount of $16,529.58 and a chattel mortgage securing its payment. Shortly thereafter, Gibson-Stewart Company delivered the note and mortgage to plaintiff in contemplation of plaintiff purchasing the note, consistent with its previously expressed willingness to do so. Upon examination, it was discovered that Gibson-Stewart Company had not endorsed the note, that the note was dated December 15, 1948, whereas the mortgage was dated December 14, 1948, and that in that portion of the mortgage making reference to monthly instalments the total amount of the mortgage was expressed as being less than the amount as set forth in the first portion of the mortgage, wherein the consideration of the mortgage was expressed. Because of these circumstances, the plaintiff returned the note and mortgage to Gibson-Stewart Company and the latter, acting through one of its officers, endorsed the note and, without consultation with or notice to defendant, caused the date of the mortgage to correspond with the date of the note and changed the total amount of the mortgage as it appeared in that portion of the mortgage referring to the payment of instalments, so that said amount corresponded with the principal of the note and correctly stated the amount of the mortgage as it appeared in the consideration clause of the mortgage. Thereupon, Gibson-Stewart Company returned the note and mortgage to plaintiff with a covering letter.

On December 23, 1948, plaintiff delivered to Gibson-Stewart Company its check in the amount of $15,893.83 as payment for the note, which check was cleared by Gibson-Stewart Com-

pany through Central National Bank of Cleveland and ultimately paid by plaintiff.

Approximately a week thereafter plaintiff notified defendant that plaintiff had purchased the note and at the same time sent to defendant a book containing twelve coupons, representing the instalments to become due, and indicating the time of payment of the several installments.

Shortly after the delivery of the Tournadozer to defendant, the latter experienced difficulty in its effort to efficiently operate the equipment and to effectively accomplish the purposes for which it was purchased. The evidence presents irreconcilable conflict as to the reasons producing such circumstances. Repeated efforts by representatives of Gibson-Stewart Company to convince defendant that if properly operated the equipment would produce the desired results were without avail. Defendants failed to pay the various instalments as same fell due under the terms of the note and mortgage.

On May 26, 1949, plaintiff, proceeding on the cognovit note, recovered a judgment against defendant in the amount of $16,262.93 with interest at 8% and costs, and invoked certain ancillary procedure to enforce the collection of the judgment.

On June 23, 1949, on motion of the defendant, the parties to the controversy appearing in open court and consenting, the trial court ordered the judgment of May 26, 1949, suspended, preserving any liens incidental thereto and otherwise protecting the interests of the parties. At the same time defendant was granted leave to withdraw the answer originally filed and the right to later plead.

In the answer subsequently filed, the defendant set forth four defenses which may be briefly but substantially summarized as follows:

The first defense was a general denial. The second defense, after alleging the facts as already detailed, averred that at the time of the purchase, the defendant made known to Gibson-Stewart Company the particular purpose for which the Tournadozer and equipment were required; that defendant having faith in the skill and judgment of Gibson-Stewart Company relied upon the representations of the latter that said Tournadozer and equipment were reasonably fit for defendant's purposes and the agreement of Gibson-Stewart Company that in the event said Tournadozer and equipment were not proper and suitable for the uses of defendant the latter should and could return such property and that thereupon the sale should be cancelled and the defendant should be held free from any liability under and by virtue of the note and mortgage; that from the beginning the said Tournadozer was de-

fective, unusable and unsatisfactory when sought to be employed by defendant for its purposes; that plaintiff is in the business of discounting notes, was acquainted with and did business with Gibson-Stewart Company; that at the time plaintiff purchased the note upon which the judgment is based plaintiff knew the details of the relationship between defendant and Gibson-Stewart Company and the agreement existing between them as seller and purchaser respectively; that there were erasures and alterations in said note and mortgage at the time of the purchase of said note and which plaintiff knew of and concurred in, but which were unknown to defendant; that by reason of the foregoing there was a defect in said note; that defendant was thereby put on inquiry and notice of said defect; that defendant is not a holder in due course of the note and that plaintiff as a result is subject to all defenses which defendant might assert against Gibson-Stewart Company, the payee of the note.

The defendant by way of third defense alleges that the note and mortgage were materially altered and that plaintiff being a party to such alteration, the note is unenforcible by plaintiff.

The fourth defense carries the allegation that plaintiff wrongfully seized and took into its possession the Tournadozer and equipment, converting them to its own use; that the value of the property was in excess of the amount of the note and interest thereon and that by reason of such fact the note is wholly paid and satisfied. All affirmative defenses set forth in defendant's answer were controverted by plaintiff's amended reply.

The issue being thus tendered, upon trial the jury returned a verdict in favor of the defendant. Motions for judgment notwithstanding the verdict and for new trial were overruled and judgment consistent with verdict rendered.

The plaintiff contends that (1) the verdict and judgment is not sustained by sufficient evidence; (2) that the verdict and judgment is contrary to law; (3) that the court erred in admitting over plaintiff's objection testimony offered by defendant; (4) that the court erred in refusing to admit testimony offered by plaintiff; (5) that the court erred in overruling the motion of plaintiff for a directed verdict; (6) that the court erred in overruling plaintiff's motions to strike out defenses pleaded by defendant and in refusing to withdraw same from consideration of the jury.

The trial court apparently considered the one and all-important issue in this case as being the question of whether the plaintiff was the purchaser of the note in due course and

without knowledge of any defect or infirmity in the title of Gibson-Stewart Company to the note at the time the latter negotiated it to the plaintiff. In the opinion of this court such appraisal of the issue was correct. Consistent with such approach, the trial court permitted the defendant wide latitude in the introduction of evidence tending to establish the nature and character of the Tournadozer and equipment; the alleged agreement between defendant and Gibson-Stewart Company with respect to its performance; the claimed right of the former to return it, if it proved unsatisfactory, and its asserted failure to meet and fulfill the purposes of defendant. All of this evidence having been received without suggestion by the trial court that its introduction was permitted for the limited purpose of lending such probative force as it might possess with respect to the one and only issue in the case, it is not unreasonable to believe that the jury could have concluded that the issue was one between Gibson-Stewart Company and defendant.

Plaintiff claiming to be a holder in due course and seeking to recover by reason of such fact, was required to prove four propositions, namely: (1) that the note was complete and regular upon its face; (2) that plaintiff became the holder of the note before it was due and that the note had not previously been dishonored, if such was the fact; (3) that plaintiff took the note in good faith and for value; and (4) that at the time the note was negotiated to plaintiff, plaintiff had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. Sec. 8157 GC.

Sec. 8161 GC, reads:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating it, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

Review of the record positively convinces that the plaintiff sustained its right to recover by a preponderance of the evidence. While the record discloses detailed and conflicting evidence, which in all probability would present an issue for submission to and determination by a jury, with respect to the respective rights of defendant and Gibson-Stewart Company, we are unable to discover any evidence of a substantial character tending to prove that plaintiff possessed any knowledge of the details of the transaction between defendant and Gibson-Stewart Company, had actual knowledge of any infirmity or defect in the note if there was any such infirmity or defect, or that plaintiff had knowledge of any facts, as a

result of which its action in taking the note could be characterized as bad faith. We are unable to find from the record any proof tending to establish that plaintiff purchased said note under circumstances that would have excited suspicion in the mind of a prudent and reasonable person. The fact that plaintiff paid a substantial consideration for the note has persuasive force militating against such premises. The mere existence of such circumstances would not constitute a defense, unless the proof was sufficient to show that plaintiff acted in bad faith or with want of honesty. **Johnson v. Way, 27 Oh St 374 et seq.; Kitchen v. Loundenback, 48 Oh St 177 et seq., 26 N. E. 979.**

Consideration of the claim advanced by defendant that the alterations made in said mortgage after its execution by defendant were of a character to operate to destroy the negotiability of the note and defeat the right of the plaintiff to recover, satisfies that such claim lacks substantial merit. The note itself was not changed and the fact that it was attached to the mortgage did not make the note and mortgage one instrument. It is clear that the error in the figures as they appeared in the mortgage was apparent to the defendant at the time of execution of the mortgage; that the mortgage itself by express terms gave to the mortgagee the right to correct patent errors and fill in blanks and that the alterations were, in contemplation of law, immaterial in nature.

The trial court having correctly confined the controversy to the one issue, discussion of the other defenses asserted by defendant is not required and the foregoing conclusions being determinative of defendant's cross-assignments of error, we indulge in no further discussion of the same.

By force of the foregoing, this court concludes that the trial court should have sustained the several motions of the plaintiff for a directed verdict in its favor and for judgment notwithstanding the verdict. This cause will therefore be remanded to the trial court with directions to set aside and vacate the order of June 23, 1949, suspending the judgment originally entered in favor of plaintiff on May 26, 1949, and to reinstate said judgment to full force and effect, allowing credit thereon in the amount of the proceeds arising by reason of the sale of chattel property heretofore had under order of the court.

FESS and CONN, JJ, concur.